

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA SLIVAK, individually and on behalf of all others similarly situated,<br><br>     Plaintiff(s)<br><br>   v.<br><br>CHESTER COUNTY AREA AIRPORT AUTHORITY,<br><br>     Defendant | Case No.  **16**  **5050**<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

### CLASS ACTION COMPLAINT

Plaintiff Jessica Slivak ("Plaintiff" or "Slivak"), on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1. Plaintiff is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations.

2. Plaintiff, a forty-one year old female individual, was born with Osteogenesis Imperfecta (aka brittle bone disease), which requires her to use a wheelchair on a daily basis. Indeed, for mobility, Plaintiff has used a wheelchair for her entire adult life.

3. Plaintiff leads an active life.  She maintains her career as a Speech-Language Pathologist, while actively serving on various committees in her church and being a wife and mother of three children.

4. Accordingly, Plaintiff is routinely traveling for work, family, and social functions.

5. To facilitate this active lifestyle, Plaintiff maintains a specially modified mini-van

1

with an automatic side-ramp, allowing Plaintiff to wheel herself into and out of her vehicle so as to permit her to travel independently.

6.     Naturally, this vehicle is registered as a handicap vehicle with the Commonwealth of Pennsylvania's Department of Transportation and, consequently, bears a handicap license plate.

7.     Because of her vehicle's sideramp, Plaintiff requires the use of "van accessible" handicapped parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

8.     As set forth below, Plaintiff was denied full access to Defendant's facilities due to their non-compliance with the ADA. As set forth below, Defendant has failed to comply with the ADA's regulations regarding handicap parking. As such, Plaintiff alleges that Defendant violated the ADA and its implementing regulations.

9.     Unless Defendant corrects the access barriers detailed herein, Plaintiff will be denied safe and full access to Defendant's facilities.

10.     The ADA permits private individuals, such as Plaintiff, to bring suit in federal court so as to compel compliance with the ADA.

11.     Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that Defendant's facilities violate federal law as described; and (ii) an injunction requiring Defendant to remove the identified access barriers so that they are fully accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and the class she seeks to represent.

12.     Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to

2

ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

13.    This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

14.    Plaintiff's claims asserted herein arose in this judicial district and Defendant maintains its headquarters and does substantial business in this judicial district.

15.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

16.    Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  Plaintiff is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

17.    Defendant Chester County Area Airport Authority ("Defendant") owns the Chester County G. O. Carlson Airport ("Airport") located at 1 Earhart Drive, Coatesville, PA 19320.

18.    Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

## TITLE III OF THE ADA

19.    On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

20.    The ADA broadly protects the rights of individuals with disabilities with respect

3

to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

21.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

22.     On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.[1]

23.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date.[2]

24.     The ADA requires removal of existing architectural barriers in facilities existing before January 26, 1992 where such removal is readily achievable.  42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv), and 28 CFR 36.304(a).

25.     Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs.  28 CFR 36.401

---

[1]  The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2] The Access Board was established by Section 502 of the Rehabilitation Act of 1973.  29 U.S.C. § 792.  The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities."  42 U.S.C. § 12204.  The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. § 12134(c), 12186(c).

and 28 CFR 36.402.

26.     The DOJ revised the 1991 ADAAG when it issued The 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

27.     Notably, many of the requirements with respect to parking remained the same in the 2010 Standards.

28.     As set forth below, Defendant has failed to comply with those requirements.

## VIOLATIONS AT ISSUE

29.     Defendant owns, operates, and/or leases a place of public accommodation.

30.     Defendant's facilities are not fully accessible to, and independently usable by, individuals with disabilities.

31.     On or about May 30, 2015, Plaintiff visited Defendant's facilities to meet a friend for lunch at the Airport restaurant.

32.     During that visit, Plaintiff experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to use, Defendant's facilities.

33.     Specifically, no parking spaces in Defendant's parking area were designated "van accessible" as required by the ADA.

34.     Section 208.2.4 of the 2010 Standards requires at least one "van accessible" designated parking space for every six accessible parking spaces a facility maintains.

35.     More fundamentally, Defendant has failed to provide any accessible parking spaces in its parking lot wide enough to comply with ADA requirements governing "van accessible" parking spaces.

36.     Additionally, none of the access aisles adjacent to the accessible parking spaces

5

are wide enough to comply with ADA requirements governing "van accessible" parking spaces.

37.     The failure to include the proper access aisle constitutes a violation of Section 502.2 of the 2010 Standards.

38.     Further, the purported access aisles that Defendant maintains at its facilities are bisected by a raised concrete and grass island which contains no curb ramp or cut through, thereby requiring Plaintiff to dangerously and unnecessarily proceed through the parking lot, around the island, in order to reach the entrance of Defendant's facilities.

39.     Failure to provide a cut through or curb ramps at the raised island constitutes a violation of Section 406.7 of the 2010 Standards.

40.     Finally, the sign designating Defendant's purportedly accessible parking spots as handicapped accessible is improperly mounted at less than 60 inches high.

41.     Section 502.6 of the 2010 Standards requires all such signs to be at least 60 inches from the ground surface.

42.     A recent investigation performed on Plaintiff's behalf has confirmed that each of the ADA violations encountered by Plaintiff during her visit to Defendant's facilities remains in effect.

43.     Defendant's facilities are within the geographic zone that Plaintiff typically travels as part of her routine activities.

44.     Because Plaintiff plans to visit Defendant's facilities again to dine at the Airport restaurant, Plaintiff will continue to visit Defendant's facilities in the future as part of her regular activities.

45.     Upon information and belief, Defendant has centralized policies regarding the management and operation of its facilities, and those policies are inadequate to ensure

6

compliance with the ADA, as is demonstrated by the fact that Defendant's facilities remains non-compliant.

46.     Plaintiff will continue to attempt to use Defendant's facilities.  However, so long as Defendant continues to violate the ADA, Plaintiff will be unable to use them independently and will be, thereby, denied full access to Defendant's facilities.

47.     Plaintiff requests periodic monitoring to confirm that the public accommodations are brought into compliance and remain in compliance.

48.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's facilities.

<h2 style="text-align:center">CLASS ACTION ALLEGATIONS</h2>

49.     Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have attempted to access, or will attempt to access Defendant's facilities (the "Class").

50.     Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

51.     Typicality:  Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

52.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and

enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

53.	The questions of fact and law common to the class include but are not limited to the following:

a.	Whether Defendant is a "public accommodation" under the ADA;

b.	Whether Defendant's conduct in failing to make its facilities fully accessible and independently usable as described above violated the ADA; and

c.	Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

54.	Adequacy of Representation:  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

55.	Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## COUNT I
## VIOLATION OF THE ADA

56.	The allegations contained in the previous paragraphs are incorporated by reference.

57.	Defendant's facilities were required to be altered, designed, or constructed so that

8

they are readily accessible and usable by disabled individuals, including individuals who use wheelchairs.  42 U.S.C.§12183(a)(1).

58.     The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, including Plaintiff and the class she seeks to represent.

59.     The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

60.     Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

61.     Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

62.     Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of the ADA, as described above.

63.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations be fully accessible to, and independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

64.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed

9

above, Defendant's non-compliance with the ADA's requirements that its facilities be accessible to, and independently usable, by individuals with disabilities is likely to recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

b. A permanent injunction which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

c. An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

## (SIGNATURE ON THE NEXT PAGE)

10

Date: <u>September 20, 2016</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Stephen E. Connolly
Gerald D. Wells, III
2200 Renaissance Boulevard, Suite 275
King of Prussia, Pennsylvania 19046
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
gwells@cwg-law.com
sconnolly@cwg-law.com

Counsel for Plaintiff and the Proposed Class

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

16 5050

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jessica Slivak, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

## DEFENDANTS

CHESTER COUNTY AREA AIRPORT AUTHORITY

County of Residence of First Listed Defendant   Chester County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12101 et seq.

Brief description of cause:
Violation of the Americans With Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                           DOCKET NUMBER

DATE   9/20/16

SIGNATURE OF ATTORNEY OF RECORD

SEP 21 2016

FOR OFFICE USE ONLY

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

SLIVAK

CIVIL ACTION

v.

CHESTER COUNTY AREA AIRPORT AUTHORITY

NO. **16    5050**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )

| 9/20/16 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 21 2016

**UNITED STATES DISTRICT COURT**     16   5050

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 1 Earhart Drive Coatesville, PA 19320

Place of Accident, Incident or Transaction: Chester County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐     No☒

Does this case involve multidistrict litigation possibilities?     Yes☐     No☒

*RELATED CASE, IF ANY*:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) 42 U.S.C. § 12101 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 9/20/2016 _____     87976
                    Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.     SEP 21 2016

DATE: 9/20/2016 _____     87976
                    Attorney-at-Law                              Attorney I.D.#

CIV. 609 (6/08)